Fred W. Schwinn (SBN 225575)
fred.schwinn@sjconsumerlaw.com
Jovanna R. Longo (SBN 251491)
jovanna.longo@sjconsumerlaw.com
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190

Attorneys for Plaintiff
EDWARD MAURICE SMITH

E-FILING

FILED

JUL 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

EDWARD MAURICE SMITH,

Plaintiff,

v.

AID ASSOCIATES INC., D/B/A PLAZA RECOVERY ASSOCIATES, a New York corporation,

Defendant.

Case No.

C08 03581

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, EDWARD MAURICE SMITH (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

-1-
COMPLAINT

      collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

  b.  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

  c.  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d.  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e.  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

///

## IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

7. Plaintiff, EDWARD MAURICE SMITH (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8. Defendant, AID ASSOCIATES, INC., D/B/A PLAZA RECOVERY ASSOCIATES (hereinafter "PLAZA RECOVERY"), is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located at: 370 Seventh Avenue, New York, NY 10001. PLAZA RECOVERY may be served at the address of its Agent for Service of Process at: AID Associates, Inc., c/o CT Corporation System, 818 West 7th Street, Los Angeles, California 90017-3407. The principal purpose of PLAZA RECOVERY is the collection of debts using the mails and telephone, and PLAZA RECOVERY regularly attempts to collect debts alleged to be due another. PLAZA RECOVERY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI. FACTUAL ALLEGATIONS

9. On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely a consumer loan bearing the account number XXXXXXXXXX7699 (hereinafter "the alleged debt"). The financial obligation alleged owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

10. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

11. Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. A true and accurate copy of the collection letter from Defendant to Plaintiff

-3-

1  is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

2      13.    The collection letter (Exhibit "1") is dated August 26, 2007.

3      14.    On or about August 31, 2007, Defendant's employee recorded the following message on Plaintiff's answering machine:

> A Message for Edward Smith. Please contact Miss Twiggs at 1-866-622-2027 with control number 63967793. I will be in my office today 'til 5 pm. You can ask to speak to Miss Twiggs at extension 5524.

    15.    On or about September 7, 2007, Defendant's employee recorded the following message on Plaintiff's answering machine:

> Hi Edward Smith, this is Miss Torres, and I need for you to reach, um, give me your courtesy call in regards to this matter. You can give me a call at 866-622-2027. When you call back, you can refer to a control number 63967793. My direct extension is 465. Um, Edward, it is very urgent you return this call tomorrow. (Inaudible) once you get this message. Thank you.

    16.    Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

    17.    Defendant failed to disclose Defendant's identity and the nature of Defendant's business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

    18.    Defendant failed to disclose that each of their answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

    19.    Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

    20.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 18 above.

    21.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

1 | 1692a(3).

2 | 22. Defendant, PLAZA RECOVERY, is a "debt collector" as that term is defined
3 | by the FDCPA, 15 U.S.C. § 1692a(6).

4 | 23. The financial obligation allegedly incurred by Plaintiff is a "debt" as that term
5 | is defined by the FDCPA, 15 U.S.C. § 1692a(5).

6 | 24. Defendant's answering machine messages described above violate the
7 | FDCPA. The violations include, but are not limited to, the following:

8 |     a.   Defendant failed to disclose Defendant's identity and the nature of
9 |          Defendant's business, in violation of 15 U.S.C. § 1692d(6); and
10 |    b.   Defendant failed to disclose that the communications were from a
11 |         debt collector, in violation of 15 U.S.C. § 1692e(11).

12 | 25. Defendant's acts as described above were done intentionally with the purpose
13 | of coercing Plaintiff to pay the alleged debt.

14 | 26. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled
15 | to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. §
16 | 1692k.

17 | **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

18 | 27. Plaintiff brings the second claim for relief against Defendant under the
19 | Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

20 | 28. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1
21 | through 26 above.

22 | 29. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code
23 | § 1788.2(h).

24 | 30. Defendant, PLAZA RECOVERY, is a "debt collector" as that term is defined
25 | by the RFDCPA, Cal. Civil Code § 1788.2(c).

26 | 31. The financial obligation allegedly owed by Plaintiff is a "consumer debt" as
27 | that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

28 | 32. Defendant's answering machine messages described above violate the

RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b); and

    b. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

33. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

34. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

35. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

36. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

37. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

    c.    Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

    d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

    g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

    h.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Jovanna R. Longo, Esq.
Attorneys for Plaintiff
EDWARD MAURICE SMITH

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EDWARD MAURICE SMITH, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

-7-
COMPLAINT

PO Box 18008
Hauppauge, NY 11788-8808
63967793M10826070.360000NBSAS1    54 84 00015308    477148 8/26/07



| Account Number | Balance |
| --- | --- |
| 63967793-10 | $11,068.25 |
| Amount Enclosed | Settlement Amount |
|  | $5,534.13 |

*Call Toll Free: 1-866-622-2025*

EDWARD SMITH
1553 BROOKVALE DR APT 1
SAN JOSE CA 95129-4620

Please check here if new information listed on back.

0639677931020826077000000000000055341340110682511AS1

BANK OF AMERICA,N.A. CONSUMER LOANS

**Please return top portion with payment. See reverse side for return address.**

## Plaza Recovery Associates

RE ▸ EDWARD SMITH

Date ▸ August 26, 2007

Creditor ▸ BANK OF AMERICA,N.A. CONSUMER LOANS

Account Number ▸ 68240033447699

Balance ▸ $11,068.25            Settlement Amount    $5,534.13

Control Number ▸ 63967793-10

### A SETTLEMENT OFFER

Please be advised that we are a professional collection agency.

We have been authorized to offer you the opportunity to settle this account with a lump sum payment for 50% of the above balance due, which is equal to $5,534.13.

This settlement offer will be valid as long as our client, referenced above, continues to authorize this office to accept this amount.

If you have any questions regarding this offer, please contact this office at the number(s) provided above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within 30 days from receiving this notice, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please visit our website **www.plazaassociates.com** to make a payment, update personal information or correspond with us.

Notice: Please see reverse side for important information.



**PLEASE USE THIS ADDRESS FOR PAYMENTS ONLY**

Plaza Recovery Associates
JAF Station, PO Box 2769
New York, NY 10116-2769

Plaza Recovery Associates ◈ 370 Seventh Ave, New York NY 10001-3900
1-866-622-2025

| Office Hours: | Monday – Thursday | 8:00am-11:00pm EST |
| | Friday | 8:00am-6:00pm EST |
| | Saturday | 8:00am-12:00 Noon EST |

PLZAS1
AS1.V9
477148

Member of ACA International

63967793-10

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
EDWARD MAURICE SMITH

### DEFENDANTS
AID ASSOCIATES INC., D/B/A PLAZA RECOVERY ASSOCIATES, a New York corporation

**(b)** County of Residence of First Listed Plaintiff: Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418
(408) 294-6100

Attorneys (If Known)

Case stamp: C08 03581 RS FILING ADR

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury — Med. Malpractice
- 365 Personal Injury — Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus - Alien Detainee
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- [X] 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collection Practices Act, 15 U.S.C. sec 1692, et seq.
Brief description of cause:
Unlawful debt collection practices

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: 7/23/2008
SIGNATURE OF ATTORNEY OF RECORD: Joanna Longo